■ In the Matter of ALFONSO RIDLEY, Individually and as Natural Guardian of YVONNE RIDLEY, an Infant, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.— In a proceeding pursuant to section 50-e of the General Municipal Law for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Kings County, dated July 8, 1971, which

granted the application.   Order modified, on the law and in the exercise of discretion, by (1) inserting, immediately after the word "granted" in the first decretal paragraph and the words "Notice of Claim" in the second decretal paragraph, the following: "only as to Yvonne Ridley"; and (2) adding a provision thereto denying the petition insofar as it is by Alfonso Ridley on his own behalf.   As so modified, order affirmed, without costs.   In our opinion, the evidence warranted the exercise of discretion in favor of Yvonne Ridley, on the basis of her infancy coupled with her physical incapacity resulting from the accident.   We find that these disabilities were the cause of her failure to file a notice of claim within the time specified by subdivision 1 of section 50-e of the General Municipal Law.   (Cf. *Matter of Murray* v. *City of New York*, 30 N Y 2d 113.)   However, although petitioner, Alfonso Ridley, was considerably distressed by his wife's condition, there is no evidence that he was in fact so physically or emotionally disabled as to warrant his being excused. Under the circumstances, the granting of the application as to Alfonso Ridley, individually, was an improvident exercise of discretion.   Rabin, P. J., Hopkins, Latham, Gulotta and Christ, JJ., concur.