■ STANLEY GOLDBERG, Respondent, v STATE OF NEW YORK, Appellant.—In a proceeding for leave to file a late notice of claim pursuant to Court of Claims Act § 10 (6), the defendant appeals from a judgment of the Court of Claims (Orlando, J.), dated May 7, 1985, which granted the claimant's motion for leave to file a late notice of claim against it.

Judgment affirmed, without costs or disbursements.

The claimant applied for leave to file a late notice of claim three days after expiration of the 90-day period set forth in Court of Claims Act § 10 (2).

Since the State was directly involved in the investigation of the circumstances of the death of the claimant's decedent, it had notice of the facts of the claim and suffered no prejudice. The instant claim involves the scope of the duty of the State University to take steps to protect persons on its premises from a student enrolled at its campus whose dangerous propensities were alleged to have been known prior to the attack. Related issues have been addressed in several recent cases *(see, e.g., Miller v State of New York,* 62 NY2d 506; *Eiseman v State of New York,* 109 AD2d 46; *see also, Satiro v City of New Rochelle,* 64 NY2d 614; *Crosland v New York City Tr. Auth.,* 110 AD2d 148) and may be the subject of further development. We cannot say, at this stage in the proceedings, that the claim is "patently groundless", or that the claimant may not be able to show, after a greater development of the facts, that he has a valid cause of action *(see,* Court of Claims Act § 10 [6]; *Prusack v State of New York,* 117 AD2d 729; *Santana v New York State Thruway Auth.,* 92 Misc 2d 1, 11). Under these circumstances, and noting the lack of prejudice to the State, the court did not abuse its discretion in allowing the late filing of this claim *(see, Gatti v State of New York,* 90 AD2d 840). Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.