OPINION OF THE COURT
Edward H. Lehner, J.
On the morning of July 7, 1986 the hot hazy calm aboard the S. I. Newhouse was pierced by the frenzied slashes of a sword. When it was all over, two passengers lay dead and nine others, including petitioner, lay wounded by the "Staten Island Ferry Slasher”.
Petitioner now seeks leave to file a late notice of claim pursuant to General Municipal Law § 50-e. The sole issue in controversy is whether the existence of a meritorious claim is a relevant consideration in deciding whether to grant a discretionary extension beyond the 90-day statutory period. Despite the gruesome savagery of the incident, and the shocking invasion of petitioner’s peaceful sojourn in our country, the petition must be denied since it is clear that the City of New York (City) is not liable for the injuries regrettably sustained.
General Municipal Law § 50-e (5) provides, in relevant part, as follows: "Upon application, the court, in its discretion, may extend the time to serve a notice of claim specified in paragraph (a) of subdivision one * * * In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation or its attorney * * * acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including: whether the claimant was an infant, or mentally or physically incapacitated, or died before the time limited for service of the notice of claim; whether the claimant failed to serve a timely notice of claim by reason of his justifiable reliance upon settlement representations made by an authorized representative of the public corporation or its insurance carrier; whether the claimant in serving a notice of claim made an excusable error concerning the identity of the public corporation against which the claim should be asserted; and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits.”
The City concedes that it acquired immediate actual knowl *825 edge of this well-publicized incident, that it has had an adequate opportunity to conduct an investigation, and that the delay in serving the notice of claim has not caused it substantial prejudice. Although petitioner mentions in his papers that he was hospitalized in Austria, he does not argue that the delay should be excused by virtue of any physical incapacitation.
The City contends that since the statutory list of the relevant factors is not exclusive, the court may properly consider the absence of merit. Petitioner maintains that he should be given the opportunity to more completely develop the basis for his claim, and that a summary review of the merits is inappropriate at this juncture.
Both the statute and case law are silent as to whether the court’s inquiry should include an examination of the merits. Neither is the legislative history of General Municipal Law § 50-e (5) instructive on this point. In 1976 the Court of Claims Act was amended to include a list of nonexclusive factors for the court to consider on applications to serve late notices, including "whether the claim appears to be meritorious” (L 1976, ch 280, § 2; Court of Claims Act § 10 [6]). That year the General Municipal Law was also amended with respect to the factors to be considered (L 1976, ch 745, § 2). Unlike the amendment of the Court of Claims Act, however, there was no addition to the General Municipal Law as to the meritorious nature of the claim. (See, Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1, 9 [Ct Cl 1977].)
The issue thus presented is whether the failure of the Legislature to include in the General Municipal Law the merits of the claim as a factor to be considered in determining whether to permit the filing of a late notice precludes the court from doing so.
Although the mention of one thing in a statute often leads to an inference that things not mentioned were intended to be excluded (expressio unius est exclusio alterius), this canon of statutory interpretation does not apply to General Municipal Law § 50-e (5) as the subdivision provides that the "court shall also consider all other relevant facts and circumstances”. Also, the mere fact that this subdivision and the cognate provision in the Court of Claims Act were both enacted in the same year is not evidence of a legislative intent to exclude a consideration of the merits from the General Municipal Law, as the two enactments were not part of the same legislative package and need not be read in pari materia.
*826 Situations do exist in which, although not authorized by the statutory language, courts may properly consider the merits of an action. Thus, for example, on an application to amend a pleading pursuant to CPLR 3025 (b), it has been repeatedly held that the proposed amendment must have some merit (Sentry Ins. Co. v Kero-Sun, 122 AD2d 204 [2d Dept 1986] [insufficiency of proposed amendments must be clear and free from doubt]; Goldstein v Barco of Cal., 109 AD2d 817, 818 [2d Dept 1985] ["devoid of merit”]; Barnes v County of Nassau, 108 AD2d 50, 52 [2d Dept 1985] ["palpably improper or insufficient as a matter of law”]; Nab-Tern Constructors v City of New York, 123 AD2d 571 [1st Dept 1986] ["specious amendments should not be allowed”]).
As acknowledged at oral argument, the only claim sought to be asserted herein is based on inadequate police protection. However, absent a "special duty” owed to the particular plaintiff, no such cause of action lies against a municipality. (Cuffy v City of New York, 69 NY2d 255 [1987]; Sorichetti v City of New York, 65 NY2d 461 [1985]; Weiner v Metropolitan Transp. Auth., 55 NY2d 175 [1982].)
Certainly there is a significant distinction between examination of the merits based upon an analysis of the pleadings, as done when application is made to amend, and examination of the merits on an application to file a late notice of claim. Along these lines, petitioner’s counsel herein states that "Mr. Groell should not be denied the opportunity to develop facts establishing a special relationship between him and the City or establishing that the City or its agencies failed to perform an assumed duty to him in a non-negligent manner”.
There is authority supporting the requested approach, as the Second Department permitted a late filing pursuant to the Court of Claims Act where it was unable to say "at this stage in the proceedings, that the claim is 'patently groundless’, or that the claimant may not be able to show, after a greater development of the facts, that he has a valid cause of action” (Goldberg v State of New York, 122 AD2d 248, 249 [1986]).
The case at bar differs, however, from the situation in Goldberg (supra). There the claim involved the scope of the duty of the State University to protect persons on its premises from a student of allegedly known dangerous propensities, an issue which the court noted had been addressed in several recent cases and "may be the subject of further development” (supra, at 249). Here, petitioner has set forth no facts at all *827 that would give the court any inkling that a special duty existed.
Based on what petitioner has presented, his chances of demonstrating a valid claim appear nonexistent. In acting on a discretionary motion, it makes little sense to grant the right to file a late notice of claim under such circumstances. Accordingly, although the court is not without great sympathy for petitioner, his application is denied.