■ WILLIAM MARCUS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 78111.)—In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Silverman, J.), dated September 6, 1989, which denied his application for leave to file a late claim against the State of New York.

Ordered that the order is reversed, on the facts and as a matter of discretion, without costs or disbursements, and the application for leave to file a late claim is granted.

On June 17, 1988, the claimant, while cycling with a companion, allegedly fell off his bicycle due to a pothole located at a point where the ramp of an exit from a State highway joins a road evidently owned by the County of Suffolk. Because of the claimant's counsel's erroneous calculation as to when the 90-day period within which claimant had to file a claim or a notice of intention to file a claim against the State would elapse *(see,* Court of Claims Act § 10 [3]), the claimant's notice of intention was not filed with the clerk of the court or received in the office of the Attorney-General until 100 days after the accident *(see,* Court of Claims Act § 11). The State formally disputes that it owns the site of the accident, as does the County, against which litigation is currently pending in the Supreme Court, Suffolk County.

Upon the State's assertion of untimeliness as an affirmative defense in a verified answer to the claim thereafter interposed, the claimant made application for permission to serve and file a late claim "nunc pro tunc". The Court of Claims ultimately denied the application solely on the ground that the claimant failed to establish that there was merit to the claim. It considered none of the other factors enumerated in Court of Claims Act § 10 (6).

We conclude that the analysis of the application by the Court of Claims was too limited *(see, Bay Terrace Coop. Section IV v New York State Employees' Retirement Sys.,* 55 NY2d 979, 981; *Weaver v State of New York,* 112 AD2d 416). We also

conclude that, although a sharp but undeveloped factual issue exists as to which governmental entity bears responsibility for maintenance of the roadway where the accident occurred, there appears to be merit to the claim within the meaning of Court of Claims Act § 10 (6) *(see, Goldberg v State of New York,* 122 AD2d 248, 249; *Matter of Santana v New York State Thruway Auth.,* 92 Misc 2d 1; *see also, Weaver v State of New York, supra).* Moreover, although the excuse for the delay in filing the notice of intention is not compelling *(cf., Bay Terrace Coop. Section IV v New York State Employees' Retirement Sys., supra),* that delay was brief and it does not appear that the State, which admittedly assigned an investigator to the claim, suffered substantial prejudice on account of it. Under the circumstances, including that the claimant's only available remedies are actions against the disputing governmental entities *(see,* Court of Claims Act § 10 [6]), the Court of Claims should have granted the application. Kooper, J. P., Lawrence, Harwood and Miller, JJ., concur.