■ In the Matter of STACY KATZ, Appellant, v TOWN OF BEDFORD, Respondent. [597 NYS2d 140] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered February 11, 1991, which denied her application.

Ordered that the order is affirmed, with costs.

On or about November 28, 1990, the petitioner brought this proceeding for leave to file a late notice of claim against the Town of Bedford, seeking damages because she was prevented from closing a sale on her property due to delays in obtaining a variance. The petitioner claimed that the Town Engineer caused the delay by negligently construing a section of the Town Code and erroneously stating, at one point, that he would waive compliance with that Town Code section. The Supreme Court denied the petitioner's application on the ground that she had "fail[ed] to establish any cognizable excuse for the delay at bar". We agree.

The only reason the petitioner offered for her conceded delay in serving the instant notice of claim was that she did not want to prejudice her chances of obtaining the variance.

This calculated conduct precluded a finding that there was a reasonable excuse for the delay and defeated the purpose of the notice requirement, i.e., providing the municipality "with an adequate opportunity to timely and effectively investigate the circumstances surrounding" the incident *(Braverman v City of White Plains,* 115 AD2d 689, 691; *see also, Matter of Perry v City of New York,* 133 AD2d 692). In addition, the petitioner failed to satisfy her burden of establishing that the Town had actual knowledge of the essential facts constituting the claim *(see generally, Washington v City of New York,* 72 NY2d 881, 883; *Matter of Soe v County of Westchester,* 142 AD2d 584; *Braverman v City of White Plains, supra; Caselli v City of New York,* 105 AD2d 251, 255). None of the correspondence contained in the record suggests that the Town had reason to believe there might be a claim against it based on alleged negligence of the Town Engineer.

Moreover, although ordinarily courts should not delve into the merits of an action in determining an application for leave to file a late notice of claim *(see, e.g., Matter of Fritsch v Westchester County Dept. of Transp.,* 170 AD2d 602), we note that the petitioner's claim here is patently meritless. Thus, it would make "little sense to grant the right to file a late notice of claim under such circumstances" *(Matter of Groell v City of New York,* 135 Misc 2d 823, 827). Mangano, P. J., Bracken, Sullivan and Lawrence, JJ., concur.