■ AUDREY B., Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [609 NYS2d 87] —In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Greenstein, J.), dated August 28, 1991, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment is granted.

On the afternoon of April 30, 1990, the plaintiff was standing near the front entrance of a Brooklyn apartment building when three armed men exited the building and attacked her. They dragged her into the building through the unlocked front door and forced her upstairs to the roof, where they assaulted and raped her. The site of the attack was one of 30 apartment buildings which comprise the Breukelen Houses, a 65-acre housing project owned and operated by the defendant. Although the plaintiff did not reside in the apartment building where she was assaulted and raped, she was a resident of

another building in the Breukelen Houses which is located several blocks away from the scene of the crime.

The plaintiff subsequently commenced this action against the defendant alleging that its failure to provide adequate security, including the proper "locking and securing of its facilities," had enabled the attack upon her to take place.

The defendant moved for summary judgment contending, *inter alia*, that, pursuant to *Waters v New York City Hous. Auth.* (69 NY2d 225), the action should be dismissed because the plaintiff was standing outside of the building where the attack occurred when her assailants initially approached her. The Supreme Court denied the defendant's motion concluding that it could not state, on the basis of the papers submitted, that the defendant was entitled to judgment as a matter of law. We disagree and reverse.

It is settled law that, when a governmental entity such as the defendant acts in a proprietary capacity as a landlord, it may be held liable in tort to the same extent as a private landlord *(see, Miller v State of New York,* 62 NY2d 506, 511). Moreover, in its role as a landlord, the defendant "may have a duty to take reasonable precautionary measures to secure the premises if it has notice of a likelihood of criminal intrusions posing a threat to safety" *(Waters v New York City Hous. Auth., supra,* at 228; *see, Miller v State of New York, supra).* In the case before us, the duty which was allegedly breached was the defendant's failure to properly secure the front door of the building in question, which allowed the perpetrators to drag the plaintiff inside. As the Court of Appeals observed in *Waters v New York City Hous. Auth. (supra),* the duty to maintain the front door locks "exists principally to protect the safety and possessions of the tenants and visitors inside the premises" because the "risk to be reasonably apprehended * * * is that of intrusion by outsiders with criminal motive who might do harm to those who have a right to feel at least minimally secure inside a dwelling place" *(Waters v New York City Hous. Auth., supra,* at 229).

Upon our review of the record, we find, as a matter of law, that the defendant's duty to maintain the security of the apartment building where the attack occurred did not extend to the plaintiff. Here, it is undisputed that the plaintiff was standing outside of the apartment building when she was approached by the three men who forced her inside and that she was not a resident of the building. Accordingly, the plaintiff had "no association with the premises independent of the crime itself" *(Waters v New York City Hous. Auth., supra,*

at 231). Since the defendant's duty to properly secure the building did not extend to the plaintiff, her complaint must be dismissed "regardless of whether the ultimate harm could be found to be reasonably foreseeable" *(Waters v New York City Hous. Auth., supra,* at 231; *cf., Jacqueline S. v City of New York,* 81 NY2d 288). Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.