MARY GRAHAM, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [638 NYS2d 775]

Since this case is virtually indistinguishable from our recent holding in *Audrey B. v New York City Hous. Auth.* (202 AD2d 532), "we find, as a matter of law, that the defendant's duty to maintain the security of the apartment building where the attack occurred did not extend to the plaintiff" (*Audrey B. v New York City Hous. Auth., supra,* at 533). The plaintiff, who was accosted by her assailant when she was walking in the courtyard of the housing project in which she lived, was not a resident of the building into which she was taken. Therefore, the defendant's duty to properly secure the building did not extend to the plaintiff because she had "no association with the premises independent of the crime itself", and her complaint must be dismissed (*Waters v New York City Hous. Auth.,* 69 NY2d 225, 231; *Audrey B. v New York City Hous. Auth., supra,* at 534).

The plaintiff's contention that the defendant is liable because of the allegedly inadequate lighting conditions is similarly without merit. "The causal connection between a criminal act in an essentially open-air, public area, and any negligence on the part of the defendant is too attenuated, as a matter of law, to serve as a basis for the plaintiff's recovery" (*Allen v New York City Hous. Auth.,* 203 AD2d 313, 314). Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.