■ KAREN DeAGUIAR, Individually and as Executor of RALPH DeAGUIAR, Deceased, et al., Plaintiffs, and LAURIE SLATTERY, Appellant, v COUNTY OF SUFFOLK et al., Defendants, and TOWN OF BROOKHAVEN, Respondent. [734 NYS2d 212] —In an action, *inter alia*, to recover damages for wrongful death and negligent infliction of emotional distress, the plaintiff Laurie Slattery appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered July 5, 2000, as, upon an order of the same court dated April 25, 2000, granting that branch of the motion of the Town of Brookhaven which was for partial summary judgment dismissing the third cause of action insofar as asserted by her, is in favor of the Town of Brookhaven and against her dismissing that cause of action insofar as asserted by her.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On August 16, 1996, the decedent, Ralph DeAguiar, lost control of his motorcycle while rounding a curve in the road in the Town of Brookhaven, veered off the roadway, and struck a tree, sustaining fatal injuries. At the time of the accident, the decedent's brother-in-law, Richard Slattery, was riding his motorcycle some 50 to 60 yards behind the decedent. The decedent's sister, the plaintiff Laurie Slattery (hereinafter Slattery), was sitting behind her husband and her view was obstructed by her husband's helmet. She did not witness the accident, but saw a "cloud of dust" in front of her shortly before her husband stopped his motorcycle. She then saw her brother lying on the ground near a tree, bleeding. She and her husband stayed with her brother until the ambulance arrived. He died later that evening. Slattery, her husband, and her brother's estate commenced this action alleging, *inter alia*, negligent infliction of emotional distress. The Supreme Court dismissed that cause of action insofar as asserted by Slattery, finding that she was not in the zone of danger. This appeal ensued.

"The zone-of-danger rule * * * allows one who is himself or herself threatened with bodily harm in consequence of the defendant's negligence to recover for emotional distress resulting from viewing the death or serious physical injury of a member of his or her immediate family" (*Bovsun v Sanperi*, 61 NY2d 219, 228). Slattery was not under an unreasonable risk of bodily harm and thus was not within the zone of danger at the time of the fatal motorcycle accident merely by following the decedent on the same road and around the same curve. Thus, the Town of Brookhaven was properly granted summary judgment dismissing the cause of action alleging negligent infliction of emotional distress insofar as asserted by Slattery. Krausman, J. P., S. Miller, Smith and Crane, JJ., concur.