■ In the Matter of PAULA-ANNE NACHERLILLA, Appellant, v CITY OF NEW YORK, Respondent. [828 NYS2d 410]—

In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated December 21, 2005, which denied her renewed motion for leave to serve a late notice of claim and denied her oral application for disclosure of any agreements between the defendant and Prospect Park Alliance, Inc.

Ordered that the appeal from so much of the order as denied the petitioner's oral application for disclosure of any agreements between the defendant and Prospect Park Alliance, Inc., is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice, and we decline to grant leave to appeal (*see* CPLR 5701; *Frydman v Frydman*, 32 AD3d 455 [2006]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

On August 14, 2004 the petitioner allegedly was injured by a horse in Prospect Park. The horse had been rented from Prospect Park Alliance, Inc., and/or Kensington Stables, Inc., which operated a business on property owned by the City of New York. Approximately eight months later, the petitioner commenced

this special proceeding for leave to serve a late notice of claim. The petition was denied "without prejudice to renew." On or about September 1, 2005 the petitioner renewed the motion. The Supreme Court denied the renewed motion and the petitioner appeals. We affirm.

Contrary to the City's contention, the new facts tendered by the petitioner in support of her renewed motion were sufficient to establish that her claim was not "patently meritless" (*Matter of Catherine G. v County of Essex*, 3 NY3d 175 [2004]; *cf. Toma v Charbonneau*, 186 AD2d 846 [1992]; *Kelleher v Mazzaro*, 168 AD2d 799 [1990]; *Cavanaugh v Knights of Columbus Council 4360*, 142 AD2d 202, 204 [1988]). Nevertheless, the petitioner provided no reasonable excuse for her failure to timely serve her notice of claim (*see Matter of March v Town of Wappinger*, 29 AD3d 998, 999 [2006]; *Matter of Winston v City of New York*, 249 AD2d 404 [1998]), she failed to establish that the City "acquired actual knowledge of the essential facts constituting the claim within [90 days after it arose] or within a reasonable time thereafter" (General Municipal Law § 50-e [5]; *see Matter of Ryder v Garden City School Dist.*, 277 AD2d 388, 388-389 [2000]; *Matter of Guiliano v Town of Oyster Bay*, 244 AD2d 408, 409 [1997]; *Matter of Resto v City of New York*, 240 AD2d 499, 501 [1997]), and she "failed to rebut the [City's] assertion that the lengthy delay in this case substantially prejudiced its ability to investigate and defend against the claim" (*Conte v Valley Stream Cent. High School Dist.*, 23 AD3d 328, 328-329 [2005]).

In the end, the petitioner did not establish that the new facts offered in support of her renewed motion "would change the prior determination" (CPLR 2221 [e] [2]). Therefore, the renewed motion was properly denied. Schmidt, J.P., Mastro, Fisher and Dillon, JJ., concur.