■ In the Matter of JENECE BROWN et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [834 NYS2d 279]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve and file a late notice of claim, the New York City Housing Authority appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated June 6, 2006, which granted the application.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the application is denied.

The infant petitioner allegedly was abducted from a school bus stop at gunpoint and taken to a vacant building owned by the appellant, the New York City Housing Authority (hereinafter NYCHA), where she was sexually assaulted. The infant petitioner and her father commenced this proceeding for leave to serve and file a late notice of claim. The petitioners allege that negligent inspection, maintenance, and security at the building was a proximate cause of damages arising from the assault. The Supreme Court granted the application. We reverse.

Ordinarily, the courts will not delve into the merits of an action on an application for leave to serve and file a late notice of claim (see Matter of Katz v Town of Bedford, 192 AD2d 707 [1993]). However, it is an improvident exercise of discretion to grant an application where, as here, the underlying action is patently meritless (see Matter of Catherine G. v County of Essex, 3 NY3d 175 [2004]; Matter of Nacherlilla v City of New York, 35 AD3d 613 [2006]). The duty of a landowner to provide minimal security precautions against the foreseeable criminal conduct of third parties does not "embrace members of the public at large, with no connection to the premises, who might be victimized by street predators" (Waters v New York City Hous. Auth., 69 NY2d 225, 229 [1987]; see also Audrey B. v New York City Hous. Auth., 202 AD2d 532 [1994]). Here, because the infant petitioner "had no association with the premises independent of the crime itself, the landowner's duty to maintain the security of the building may not be deemed to extend to her" (Waters v New York City Hous. Auth., supra at 231), regardless of whether the ultimate harm was reasonably foreseeable (id. at 230-231; see also Audrey B. v New York City Hous. Auth., supra).

In any event, in support of its application, the petitioners

failed to demonstrate, inter alia, a reasonable excuse for the delay or that the NYCHA would not be prejudiced by the delay (*see Matter of Dumancela v New York City Health & Hosps. Corp.*, 32 AD3d 515 [2006]; *Matter of Olsen v County of Nassau*, 14 AD3d 706 [2005]; *Matter of Ridley v New York City Tr. Auth.*, 38 AD2d 973 [1972]). Thus, the grant of the petitioners' application was an improvident exercise of discretion. Miller, J.P., Santucci, Florio and Lifson, JJ., concur.