In the Matter of CHANNEL MARINE SALES, INC., et al., Respondents, v CITY OF NEW YORK et al., Appellants. [903 NYS2d 922]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the City of New York, New York City Department of Citywide Administrative Services, and Barry Gendelman, Assistant Commissioner, Bureau of Property Management, Department of Citywide Administrative Services appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated April 21, 2009, as granted that branch of the petition which was for leave

to serve a late notice of claim for the petitioners' claims sounding in conversion and replevin.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the petition which was for leave to serve a late notice of claim for the petitioners' claims sounding in conversion and replevin is denied.

"Ordinarily, the courts will not delve into the merits of an action on an application for leave to serve and file a late notice of claim" (*Matter of Brown v New York City Hous. Auth.*, 39 AD3d 744, 745 [2007]; *see Matter of Katz v Town of Bedford*, 192 AD2d 707 [1993]). However, it is an improvident exercise of discretion to grant an application where, as here, the underlying action is patently meritless (*see Matter of Catherine G. v County of Essex*, 3 NY3d 175 [2004]; *Matter of Brown v New York City Hous. Auth.*, 39 AD3d 744 [2007]).

"In order to establish a cause of action to recover damages for conversion, 'the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question . . . to the exclusion of the plaintiff's rights' " (*Messiah's Covenant Community Church v Weinbaum*, 74 AD3d 916, 919 [2010], quoting *Independence Discount Corp. v Bressner*, 47 AD2d 756, 757 [1975]). Furthermore, "[w]here one is rightfully in possession of property, one's continued custody of the property and refusal to deliver it on demand of the owner until the owner proves his [or her] right to it does not constitute a conversion" (*Trans-World Trading, Ltd. v North Shore Univ. Hosp. at Plainview*, 64 AD3d 698, 700-701 [2009] [internal quotation marks and citation omitted]). Here, the petitioners failed to demonstrate any indicia of ownership to certain property left on the premises from which they were evicted, despite numerous requests to demonstrate such ownership before the vast majority of that property was removed by the appellants.

Additionally, the appellants were prejudiced by the petitioners' delay in bringing the proceeding, since the appellants had already begun and had nearly completed removing the property in question from the premises.

The parties' remaining contentions either need not be reached in light of this determination or are without merit. Rivera, J.P., Florio, Miller and Austin, JJ., concur.