■ ARLENA SIMMONS, Also Known as ARLENA S.J. SIMMONS and Others, Respondent, v DANIELLE SHAKENA SIMMONS, Individually and as Executrix of ARLENE MARY WOODSON SIMMONS, Deceased, Defendant, and NEW YORK CITY et al., Appellants. [1 NYS3d 836]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants New York City and New York City

Employees Retirement Systems appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated September 27, 2013, which granted the plaintiff's motion for leave to serve a late notice of claim and denied their cross motion to dismiss the complaint.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion for leave to serve a late notice of claim is denied, and the cross motion of the defendants New York City and New York City Employees Retirement Systems to dismiss the complaint is granted.

The appellants contend that the Supreme Court was without authority to grant leave to serve a late notice of claim because the limitations period for the commencement of this action had expired (*see Pierson v City of New York*, 56 NY2d 950 [1982]). Contrary to this contention, the motion for leave to serve a late notice of claim did not "exceed the time limited for the commencement of [the] action" (General Municipal Law § 50-e [5]). Since the action was not for "personal injury, wrongful death or damage to real or personal property," it did not have to be commenced within the one-year-and-90-day time limit set forth in General Municipal Law § 50-i (*see Picciano v Nassau County Civ. Serv. Commn.*, 290 AD2d 164, 170 [2001]).

Nevertheless, considering all of the "relevant facts and circumstances" of this case, it was an improvident exercise of the Supreme Court's discretion to grant the plaintiff's motion for leave to serve a late notice of claim (General Municipal § 50-e [5]; *see Matter of Brown v New York City Hous. Auth.*, 39 AD3d 744, 745 [2007]). In particular, the plaintiff failed to offer a reasonable excuse for the delay in seeking leave to serve a late notice of claim (*see* General Municipal Law §§ 50-e [1] [a]; [5]; 50-i [1]; *Matter of Minkowicz v City of New York*, 100 AD3d 1000 [2012]; *Meyer v County of Suffolk*, 90 AD3d 720, 721 [2011]; *Matter of Bush v City of New York*, 76 AD3d 628 [2010]). Accordingly, the plaintiff's motion for leave to serve a late notice of claim should have been denied, and the appellants' cross motion to dismiss the complaint should have been granted. Rivera, J.P., Leventhal, Chambers and Sgroi, JJ., concur.