In the Matter of Numan Ramirez, as Father and Custodial Parent of PR, an Infant, Respondent, v City of New York et al., Appellants. [50 NYS3d 103]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the City of New York, New York City Department of Education, and New York City Board of Education appeal from an order of the Supreme Court, Queens County (Flug, J.), entered July 22, 2015, which granted the petition.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof granting that branch of the petition which was for leave to serve a late notice of claim upon the City of New York, and substituting therefor a provision denying that branch of the petition; as so modified, the order is affirmed, without costs or disbursements.

The petitioner commenced this proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the City of New York, New York City Department of Education, and New York City Board of Education (hereinafter collectively the appellants) relating to claims sounding in negligence for injuries sustained by his infant daughter. The Supreme Court granted the petition.

Pursuant to General Municipal Law § 50-e (5), a court may, in its broad discretion, extend the time to serve a notice of claim (see Matter of Lodati v City of New York, 303 AD2d 406 [2003]). The purpose of the notice of claim is to provide municipalities and school districts timely notice so that they can investigate, collect evidence, and evaluate the merits of the claim while the facts are still fresh (see Rosenbaum v City of New York, 8 NY3d 1 [2006]; Brown v City of New York, 95 NY2d 389 [2000]). In the instant matter, the facts constituting the underlying claim are not disputed and, in fact, are well documented.

Contrary to the appellants' contention, the Supreme Court providently exercised its discretion in granting that branch of the petition which was for leave to serve a late notice of claim upon the New York City Department of Education and New York City Board of Education. These appellants had actual knowledge of the facts constituting the claim within the statutory period, or a reasonable time thereafter (see Kellman v

*Hauppauge Union Free Sch. Dist.*, 120 AD3d 634 [2014]; *Matter of Viola v Ronkonkoma Middle Sch.*, 107 AD3d 1009, 1010 [2013]; *Kim L. v Port Jervis City School Dist.*, 77 AD3d 627 [2010]; *Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d 776, 777 [2010]; *Matter of Brownstein v Incorporated Vil. of Hempstead*, 52 AD3d 507, 509 [2008]). Furthermore, the petitioner made an initial showing that these appellants would not suffer any substantial prejudice by the delay, and these appellants failed to rebut the petitioner's showing with particularized indicia of prejudice (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 466-467 [2016]; *Matter of Viola v Ronkonkoma Middle Sch.*, 107 AD3d at 1010; *Matter of Joy v County of Suffolk*, 89 AD3d 1025, 1026 [2011]; *Matter of Allende v City of New York*, 69 AD3d 931, 933 [2010]). Even if the excuses proffered by the petitioner were not reasonable, the absence of a reasonable excuse is not fatal to the petition where there was actual notice and the absence of prejudice (*see Matter of Viola v Ronkonkoma Middle Sch.*, 107 AD3d at 1010; *Matter of McLeod v City of New York*, 105 AD3d 744, 746 [2013]).

However, the Supreme Court erred in granting that branch of the petition which was for leave to file a late notice of claim upon the City. Generally, the merits of a claim are not examined on a motion for leave to serve a late notice of claim (*see Matter of Day v Greenburgh Eleven Union Free School Dist.*, 88 AD3d 877, 877 [2011]; *Matter of Gaeta v Incorporated Vil. of Garden City*, 72 AD3d 683 [2010]). However, permission to file a late notice of claim is properly denied where the underlying claim is "patently meritless" (*Matter of Catherine G. v County of Essex*, 3 NY3d 175, 179 [2004]; *see Matter of Day v Greenburgh Eleven Union Free School Dist.*, 88 AD3d at 877; *Matter of Gaeta v Incorporated Vil. of Garden City*, 72 AD3d at 683). Even if, as the petitioner alleges, the infant reported the incident at the center of this matter to school personnel, there is no basis for holding the City vicariously liable for the actions of employees of the New York City Board of Education and the New York City Department of Education (*see Kovalenko v New York City Dept. of Educ.*, 135 AD3d 710, 711 [2016]; *Mathis v Board of Educ. of City of N.Y.*, 126 AD3d 951, 953 [2015]; *McClain v City of New York*, 65 AD3d 1020 [2009]). Accordingly, the court should have denied that branch of the petition which was for leave to serve a late notice of claim upon the City. Rivera, J.P., Roman, Cohen and Miller, JJ., concur.