Matter of O'Dowd v Jericho Fire Dept. (2018 NY Slip Op 03526)





Matter of O'Dowd v Jericho Fire Dept.


2018 NY Slip Op 03526


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-12750
 (Index No. 4295/16)

[*1]In the Matter of Dennis O'Dowd, respondent, 
v
Jericho Fire Department, appellant.


Siler & Ingber, LLP, Mineola, NY (Jeffrey B. Siler of counsel), for appellant.
Talisman & DeLorenz, P.C., Brooklyn, NY (Kevin Cowie of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the Jericho Fire Department appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered October 11, 2016, which granted the petition.
ORDERED that the order is affirmed, with costs.
The petitioner allegedly sustained personal injuries when, while maintaining medical equipment supplied by his employer to the Jericho Fire Department (hereinafter the respondent), he slipped and fell on the kitchen floor of the respondent's firehouse. The petitioner did not serve the respondent with a notice of claim until approximately one year after the accident. Shortly thereafter, the petitioner commenced this proceeding for leave to serve a late notice of claim. The petitioner alleged that the accident occurred because an employee of the respondent had just mopped the kitchen floor and failed to put up warning signs. The petitioner also alleged that the fall was witnessed by employees of the respondent, who also provided medical assistance and transported the petitioner to the hospital in the respondent's ambulance. The Supreme Court granted the petition, and the respondent appeals.
Pursuant to General Municipal Law § 50-e(5), a court may, in its discretion, extend the time to serve a notice of claim (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 535; Matter of Ramirez v City of New York, 148 AD3d 908, 908). The purpose of the notice of claim is to provide municipalities timely notice so that they can investigate, collect evidence, and evaluate the merits of the claim while the facts are still fresh (see Rosenbaum v City of New York, 8 NY3d 1; Brown v City of New York, 95 NY2d 389).
The Supreme Court providently exercised its discretion in granting the petition for leave to serve a late notice of claim on the respondent. The respondent had actual knowledge of the facts constituting the claim within the statutory period (see Matter of Viola v Ronkonkoma Middle Sch., 107 AD3d 1009, 1010; Matter of Whittaker v New York City Bd. of Educ., 71 AD3d 776, 777; Brownstein v Incorporated Vil. of Hempstead, 52 AD3d 507, 509; Gibbs v City of New York, 22 [*2]AD3d 717, 719). Furthermore, applying the shifting burden standard established in Matter of Newcomb v Middle Country Cent. Sch. Dist. (28 NY3d 455, 466), the petitioner met his threshold burden of demonstrating the absence of substantial prejudice to the respondent, and in opposition, the respondent failed to demonstrate that it was prejudiced by the delay (see id. at 466; Matter of Ruiz v City of New York, 154 AD3d 945; Matter of Viola v Ronkonkoma Middle Sch., 107 AD3d 1009, 1010; Matter of Joy v County of Suffolk, 89 AD3d 1025, 1026; Matter of Allende v City of New York, 69 AD3d 931, 933; Rosenblatt v City of New York, 160 AD2d 927, 928). Even if the excuses proffered by the petitioner for failing to timely serve a notice of claim were not reasonable, the absence of a reasonable excuse is not fatal to the petition where there was actual notice and absence of prejudice (see Matter of McLeod v City of New York, 105 AD3d 744, 746).
LEVENTHAL, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court