Matter of Kmiotek v Sachem Cent. Sch. Dist. (2019 NY Slip Op 07583)





Matter of Kmiotek v Sachem Cent. Sch. Dist.


2019 NY Slip Op 07583


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-14804
 (Index No. 611204/18)

[*1]In the Matter of Joseph Kmiotek, etc., et al., petitioners-respondents, 
v
Sachem Central School District, appellant, et al., respondent.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Christine Gasser of counsel), for appellant.
Law Offices of Kenneth M. Mollins, P.C., Hauppauge, NY (Timothy Manning of counsel), for petitioners-respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the Sachem Central School District appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated November 30, 2018. The order, insofar as appealed from, granted that branch of the petition which was to deem a late notice of claim timely served nunc pro tunc upon the Sachem Central School District.
ORDERED that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, and that branch of the petition which was to deem a late notice of claim timely served nunc pro tunc upon the Sachem Central School District is denied.
On August 10, 2017, at the athletic facility of Sachem High School East located in Farmingville, five members of the high school football team were engaged in a strength conditioning drill carrying a heavy, large log or pole above their heads or on their shoulders. The three infant children of the petitioners were among the five team members participating in the drill. During the drill, a different team member (hereinafter the decedent) was severely injured when the log or pole became unstable and dropped. The decedent died as a result of his injuries.
Approximately 10 months later, in June 2018, the petitioners, as the parents and lawful guardians of their infant children, commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc upon the Sachem Central School District (hereinafter the District) and another respondent, alleging intentional and negligent infliction of emotional distress. The petition alleged that the petitioners' children were all in the zone of danger at the time of the accident, and that they had suffered emotional trauma as a result of witnessing the incident. Additionally, the petition alleged that the District initially provided mental health care and counseling services to all students affected by the incident. The record indicates that the Long Island Trauma Recovery Network provided volunteer transitional services, including holding a group session for the students on the [*2]team and offering two individual counseling sessions for any student who so desired. The petition alleged that the District later cancelled any and all counseling sessions. The petition alleged, among other things, that the petitioners' children had suffered emotional distress as a result of the District's refusal to provide additional counseling services, and by its removal of several coaches from the football team who served as the children's only remaining support system.
The District opposed the petition, arguing that the proposed claim was patently meritless, inasmuch as recovery for emotional distress by a bystander who is witness to the serious injury or death of another was limited to members of the immediate family of that person. Additionally, the District contended that it had no authority or obligation to pay for mental health care services in addition to the services which had been provided by it. The District submitted affidavits from its Superintendent of Schools (hereinafter the superintendent) and the principal of the high school, detailing the mental health care services that the District had provided to students following the accident, including the ongoing provision of counseling from mental health professionals employed by the District. The superintendent also noted that the football coaches were reappointed on a yearly basis, and that while two of the coaches were not reappointed, both were still employed by the District and available to support the players.
In the order appealed from, the Supreme Court, among other things, granted that branch of the petition which was to deem the late notice of claim timely served nunc pro tunc upon the District. The District appeals.
Pursuant to General Municipal Law § 50-e (5), the court, in its discretion, may extend the time to serve a notice of claim (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465; Ballantine v Pine Plains Hose Co., Inc., 166 AD3d 718, 719). "The purpose of the notice of claim is to provide municipalities and school districts timely notice so that they can investigate, collect evidence, and evaluate the merits of the claim while the facts are still fresh" (Matter of Ramirez v City of New York, 148 AD3d 908, 908; see Rosenbaum v City of New York, 8 NY3d 1, 10). "Ordinarily, the courts will not delve into the merits of an action on an application for leave to serve and file a late notice of claim" (Matter of Brown v New York City Hous. Auth., 39 AD3d 744, 745; see Matter of Channel Mar. Sales, Inc. v City of New York, 75 AD3d 600, 601). "However, permission to file a late notice of claim is properly denied where the underlying claim is patently meritless'" (Matter of Ramirez v City of New York, 148 AD3d at 909, quoting Matter of Catherine G. v County of Essex, 3 NY3d 175, 179; see Matter of Channel Mar. Sales, Inc. v City of New York, 75 AD3d at 601; Matter of Brown v New York City Hous. Auth., 39 AD3d at 745).
"The zone-of-danger rule . . . allows one who is himself or herself threatened with bodily harm in consequence of the defendant's negligence to recover for emotional distress resulting from viewing the death or serious physical injury of a member of his or her immediate family" (Bovsun v Sanperi, 61 NY2d 219, 228; see Greene v Esplanade Venture Partnership, 172 AD3d 1013, 1015; DeAguiar v County of Suffolk, 289 AD2d 280, 281). Here, the petitioners's children were not immediate family members of the decedent. Thus, they have no legally cognizable claim to recover damages for emotional distress they allegedly sustained from witnessing the accident (see Greene v Esplanade Venture Partnership, 172 AD3d at 1015), or based upon the District's alleged refusal to provide continued counseling and maintain the coaching staff support system, as such damages are a financial consequence of their emotional trauma (see Casale v Unipunch, Inc., 177 AD2d 1029). Moreover, the District demonstrated that, under the circumstances presented, it was not authorized to pay for continued outside counseling services for the petitioners' children, and the record reflects that the District provided ongoing counseling from mental health professionals employed by the District. Under the circumstances, the proposed claim against the District is patently meritless (see generally Matter of Ramirez v City of New York, 148 AD3d at 909; Matter of Channel Mar. Sales, Inc. v City of New York, 75 AD3d at 601).
In light of our determination, we need not reach the District's remaining contention.
Accordingly, the Supreme Court should have denied that branch of the petition which [*3]was to deem a late notice of claim timely served nunc pro tunc upon the District.
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court