■ PHYLLIS HOLLY et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 79890.) [595 NYS2d 562] —In a claim to recover damages for personal injuries, the claimants appeal from an order of the Court of Claims (Silverman, J.), entered January 30, 1991, which, after a hearing, denied their motion for leave to file a late claim against the State of New York.

Ordered that the order is reversed, on the facts and as a matter of discretion, with costs, the claimants' motion for leave to file a late claim is granted, and the proposed claim is deemed served.

The Court of Claims improvidently exercised its discretion in denying the claimants' motion for leave to file a late claim. Court of Claims Act § 10 (6) permits the late filing of a claim, in the court's discretion, upon consideration of certain enumerated factors. No one factor is considered determinative (see, *Bay Terrace Coop. Section IV v New York State Employees' Retirement Sys. Policemen's & Firemen's Retirement Sys.,* 55 NY2d 979; *Matter of Carvalho v State of New York,* 176 AD2d 317). At bar, it is undisputed that the State received actual notice of the essential facts constituting the claim within 90 days after the injured claimant's accident, and there is no indication that the State would suffer substantial prejudice if the claimants were permitted to file a late claim. Furthermore, the claimants' submissions were sufficient, at this stage of the proceeding, to demonstrate that there appears to be merit to their claim within the meaning of Court of Claims Act § 10 (6). Bracken, J. P., Lawrence, Eiber and Pizzuto, JJ., concur.