■ In the Matter of E. K., Appellant, v STATE OF NEW YORK, Respondent. [652 NYS2d 759] —In a proceeding pursuant to Court of Claims Act § 10 (6), E. K. appeals from an order of the Court of Claims (Benza, J.), dated March 20, 1996, which denied his application for leave to file a late claim.

Ordered that the order is affirmed, with costs.

The instant claim arises out of the claimant's involuntary admission on an emergency basis pursuant to Mental Hygiene Law § 9.39 (a) to the Creedmoor Psychiatric Center (hereinafter Creedmoor) on December 13, 1994. The claimant was

released from Creedmoor on December 16, 1994. Nearly a year later the claimant made an application to file a late claim to assert claims against the State of New York, *inter alia,* for false imprisonment, negligent confinement, and violation of the Mental Hygiene Law. The Court of Claims denied the application with leave to renew upon proper papers. The claimant's renewed application was thereafter denied on the grounds that he had failed to present a reasonable excuse for his failure to file a timely claim and that he had failed to show that his claim was meritorious.

It is well settled that the decision to grant or deny an application for permission to file a late claim lies within the broad discretion of the Court of Claims *(see, Matter of Soble v State of New York,* 189 AD2d 970). Although the court is required to consider the six factors set forth in Court of Claims Act § 10 (6), no single factor is deemed controlling *(see, Holly v State of New York,* 191 AD2d 678).

In the case at bar, the Court of Claims properly determined that the claimant's excuse—ignorance of the law—for the one-year delay in filing his claim was unacceptable *(see, Matter of Dancy v Poughkeepsie Hous. Auth.,* 220 AD2d 413; *Weber v County of Suffolk,* 208 AD2d 527). Furthermore, the court properly determined that the claimant had failed to adequately establish the existence of a meritorious claim. A confinement pursuant to Mental Hygiene Law article 9 is deemed privileged in the absence of medical malpractice *(see, Ferretti v Town of Greenburgh,* 191 AD2d 608). Since the claimant failed to submit any expert medical opinion evidence, he was unable to show that his confinement was without privilege, a necessary element of the false imprisonment claim. For the same reason, the negligent commitment claim must fail *(see, Ferretti v Town of Greenburgh, supra,* at 610-611). Moreover, the hospital records clearly refute the claimant's assertion that the procedures set forth in Mental Hygiene Law § 9.39 (a) were not followed.

As the claimant failed to present a reasonable excuse for his delay in filing a claim and failed to establish that his claims had the appearance of merit, it was not an improvident exercise of discretion to deny his application *(see, Matter of Barella v State of New York,* 232 AD2d 633; *Klingler v State of New York,* 213 AD2d 378). Thompson, J. P., Santucci, Friedmann and Luciano, JJ., concur.