and find them to be without merit. Miller, J. P., Ritter, Joy and Krausman, JJ., concur.

■ Sabrina Livai, Respondent, v Andrew Amoroso, Defendant and Third-Party Plaintiff-Respondent. Danny Livai, Third-Party Defendant-Appellant. [658 NYS2d 973] —In a negligence action to recover damages for personal injuries, the third-party defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated May 9, 1996, as denied his motion for summary judgment dismissing the third-party complaint based on the plaintiff's failure to establish serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

In opposition to the motion for summary judgment, the plaintiff submitted an affirmation of her treating physician, dated February 29, 1996, which was based on a recent examination. The affirmation indicated that as a result of the accident, the plaintiff had a 20% restriction of motion of her cervical spine caused by cervical osteoarthritis, and a continued impression of cervical radiculopathy, and that these injuries are considered permanent. Summary judgment was properly denied as the affirmation was sufficient to raise a triable issue of fact as to whether the plaintiff sustained "significant limitation of use of a body function or system" *(Lopez v Senatore,* 65 NY2d 1017, 1019; *Schwartz v New York City Hous. Auth.,* 229 AD2d 481). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.

■ Gregory Lufker, Appellant, v State of New York, Respondent. [657 NYS2d 461] —In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Silverman, J.), entered June 3, 1996, which denied his motion to have the notice of intention to file a claim treated as a claim pursuant to Court of Claims Act § 10 (8).

Ordered that the order is reversed, as a matter of discretion, with costs, and the claimant's motion is granted.

The Court of Claims improvidently exercised its discretion in denying the claimant's motion to have the notice of intention to file a claim treated as a claim pursuant to Court of Claims Act § 10 (8). While it is true that the claimant's notice of intention failed to describe the location of the incident with sufficient specificity to satisfy the requirements of Court of Claims Act § 11, the "report of incident" completed by the State University of New York campus police shortly after the

incident occurred provided the State of New York with timely actual notice of the exact location of the incident *(see, Holly v State of New York,* 191 AD2d 678). Further, there is no indication that the State would suffer substantial prejudice if the notice of intention to file a claim were to be treated as a claim *(see, Holly v State of New York, supra).* Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.