■ In the Matter of GILBERT E. LOCKWOOD, Appellant, v STATE OF NEW YORK, Respondent. [699 NYS2d 817] —Crew III, J. Appeal from an order of the Court of Claims (Hanifin, J.), entered March 31, 1999, which denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

Claimant, a laborer at a State-owned construction site, was injured in October 1996 when the jackhammer that he was using fell from the scaffold where he was working. As claimant attempted to prevent the jackhammer from falling by grabbing its air hose, he injured his neck, shoulder, arm and back. Claimant thereafter retained an attorney, who pursued a workers' compensation claim, and subsequently retained new counsel, who advised claimant that he might also have a claim under the Labor Law. To that end, in October 1998 claimant sought leave to file a late notice of claim. The Court of Claims denied claimant's application, prompting this appeal.

There must be a reversal. To be sure, where the Court of Claims denies a claimant's application for permission to file a late notice of claim based upon its consideration of the factors enumerated in Court of Claims Act § 10 (6), the court's broad discretion in this regard will be disturbed only in the face of clear abuse (*see, Sega v State of New York*, 246 AD2d 753, 755, *lv denied* 92 NY2d 805). Here, although indeed considering all of the statutory factors, the Court of Claims denied claimant's application based mainly upon its conclusion that claimant's papers contained "fundamentally different versions of the alleged event". We cannot agree.

Claimant's affidavit of merit described the scaffold as shaky, while the affidavit of claimant's expert focused upon the absence of any means to secure or tie off the jackhammer to prevent it from falling. Despite this difference in focus, both claimant and his expert described the same injury-causing event—namely, claimant's attempt to stop the jackhammer from falling by grabbing its air hose. In our view, a claim based

upon such an injury-causing event at least has the appearance of merit (*see, Sasso v NYMED, Inc.*, 238 AD2d 799). We also find ample evidence in the record to demonstrate that the State had prompt notice of the accident and an opportunity to investigate, thereby obviating any prejudice to the State from claimant's delay (*see, Matter of Gavigan v State of New York*, 176 AD2d 1117, 1119). Accordingly, while the Court of Claims properly rejected claimant's proffered excuse for the delay and correctly concluded that claimant indeed had another remedy with respect to his workers' compensation claim, the majority of the factors set forth in Court of Claims Act § 10 (6) favor claimant. The underlying order is, therefore, reversed and claimant's application for permission to file a late notice of claim is granted.

Cardona, P. J., Mikoll, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, and claimant's application for permission to file a late notice of claim granted.