In the Matter of JULIE A. HUGHES et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. M-68920.) [807 NYS2d 572]—

In a proceeding pursuant to Court of Claims Act § 10 (6) for leave to file a late claim, the claimants appeal from an order of the Court of Claims (Lack, J.), entered December 21, 2004, which denied their application.

Ordered that the order is reversed, on the facts and as a matter of discretion, with costs, the application is granted, and the proposed claim is deemed filed.

Contrary to the contention of the respondent and the determination of the Court of Claims, consideration of the statutory factors set forth in Court of Claims Act § 10 (6) strongly favors the granting of the claimants' application for leave to file a late claim in this case. While the claimants did not provide an acceptable excuse for their failure to timely file their detailed notice of intention to file a claim under Court of Claims Act § 10 (6) (*see Matter of Sandlin v State of New York,* 294 AD2d 723, 724 [2002]; *Matter of E.K. v State of New York,* 235 AD2d 540, 541 [1997]), the delay was minimal and the respondent was not prejudiced thereby (*see Jomarron v State of New York,* 23 AD3d 527 [2005]; *Matter of Morales v State of New York,* 292 AD2d 455, 456 [2002]; *Marcus v State of New York,* 172 AD2d 724 [1991]; *DeFilippis v State of New York,* 157 AD2d 826, 828 [1990], *amended* 159 AD2d 604 [1990]). Furthermore, the physician's affidavit submitted by the claimants was sufficiently specific and detailed to establish the appearance of merit of the claim within the meaning of Court of Claims Act § 10 (6) (*see generally Holly v State of New York,* 191 AD2d 678 [1993]).

The respondent's remaining contentions are unpersuasive under the circumstances presented. Goldstein, J.P., Mastro, Spolzino and Lunn, JJ., concur.