In the Matter of DAVID M. SMITH et al., Appellants, v STATE OF NEW YORK, Respondent. (Appeal No. 1) [879 NYS2d 860]—

Appeal from an order of the Court of Claims (Norman I. Siegel, J.), entered March 14, 2008. The order denied claimants' application seeking permission to file a late claim.

It is hereby ordered that the order so appealed from is unanimously reversed in the exercise of discretion without costs and the application is granted upon condition that claimants shall file the proposed claim within 20 days of the date of entry of the order of this Court.

Memorandum: David M. Smith (claimant) was injured on May 22, 2007 when he fell from a ladder while working as a sheet metal journeyman on a renovation and construction project at the Central New York Psychiatric Center. On September 17, 2007, claimants filed an application pursuant to Court of Claims Act § 10 (6) seeking permission to file a late claim against respondent. "Court of Claims Act § 10 (6) permits a court, in its discretion, upon consideration of certain enumerated factors, to allow a claimant to file a late claim . . . No one factor is deemed controlling, nor is the presence or absence of any one factor dispositive" (*Broncati v State of New York*, 288 AD2d 172, 173 [2001]). Upon our consideration of the statutory factors, we conclude that the Court of Claims improvidently exercised its discretion in denying claimants' application (*see Matter of Hughes v State of New York*, 25 AD3d 800 [2006]; *Jomarron v State of New York*, 23 AD3d 527 [2005]).

Although claimants failed to provide an acceptable excuse for their failure to file a timely claim, the delay was minimal (*see Hughes*, 25 AD3d 800 [2006]; *Matter of Morales v State of New*

*York*, 292 AD2d 455 [2002]). We agree with the court that workers' compensation benefits are a partial alternative remedy available to claimants (*see Matter of Garguiolo v New York State Thruway Auth.*, 145 AD2d 915 [1988]). As the court properly determined, however, claimants have sufficiently "establish[ed] the appearance of merit of the claim" (*Hughes*, 25 AD3d at 800; *see Matter of Lockwood v State of New York*, 267 AD2d 832 [1999]), and we conclude that the remaining factors, i.e., whether respondent had notice of the essential facts constituting the claim, whether respondent had an opportunity to investigate the claim, and whether the failure to file a timely claim resulted in substantial prejudice to respondent, also weigh in claimants' favor (*see* Court of Claims Act § 10 [6]). In support of their application, claimants alleged that respondent had inspectors on the job site, that claimant's employer prepared an accident report and took photographs of the ladder and accident site, and that the employer was contractually obligated to procure insurance for respondent's benefit and to defend and indemnify respondent for claims arising from the renovation and construction project.

In opposition to the application, respondent submitted only the affirmation of an attorney with no personal knowledge of the facts (*see Matter of Powell v State of New York*, 187 AD2d 848 [1992]). Respondent failed to establish that any effort was made to determine whether it had notice of the accident or an opportunity to investigate, nor did respondent substantiate its conclusory allegations that it would be substantially prejudiced as the result of claimants' delay (*see id.*; *Matter of Donaldson v State of New York*, 167 AD2d 805, 806 [1990]). "Surely, [respondent] itself was in a far better position than claimant[s] to locate and identify the names of its employees who were present at the accident sit[e]," and to determine whether it received any accident report, photographs or other information from claimant's employer (*Calzada v State of New York*, 121 AD2d 988, 990 [1986]; *see also Donaldson*, 167 AD2d at 806). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.