■ RONALD TUCHOLSKI et al., Appellants, v STATE OF NEW YORK, Respondent. [996 NYS2d 97]—

In a claim to recover damages for personal injuries, etc., the claimants appeal, as limited by their brief, from so much of an order of the Court of Claims (Ruderman, J.), dated August 19, 2013, as denied that branch of their motion which was for leave to file a late claim pursuant to Court of Claims Act § 10 (6) on behalf of the claimant Lynne Tucholski.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the claimants' motion which was for leave to file a late claim pursuant to Court of Claims Act § 10 (6) on behalf of the claimant Lynne Tucholski is granted.

Court of Claims Act § 10 (6) permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim (*see Morris v Doe*, 104 AD3d 921, 921 [2013]; *Qing Liu v City Univ. of N.Y.*, 262 AD3d 473, 474 [1999]). "No one factor is deemed controlling, nor is the presence or absence of any one factor determinative" (*Qing Liu v City Univ. of N.Y.*, 262 AD2d at 474; *see Morris v Doe*, 104 AD3d at 921).

Here, the Court of Claims improvidently exercised its discretion in denying that branch of the claimants' motion which was for leave to file a late claim on behalf of the claimant Lynne Tucholski. It is undisputed that the State received actual notice of the essential facts constituting the claim within 90 days after the claimant Ronald Tucholski's accident, and there is no indication that the State would suffer substantial prejudice if the claimants were permitted to file a late claim (*see Holly v State of New York*, 191 AD2d 678, 678 [1993]). Furthermore, notwithstanding the existence of a factual issue as to which governmental entity bears responsibility for maintenance of the roadway and guardrail where the accident occurred, the claimants' submissions were sufficient, at this point, to demonstrate that there appears to be merit to their claim within the meaning of Court of Claims Act § 10 (6) (*see Marcus v State of New York*,

172 AD2d 724, 724 [1991]; *see also Holly v State of New York*, 191 AD2d 678, 678 [1993]; *Goldberg v State of New York*, 122 AD2d 248, 249 [1986]). Accordingly, upon consideration of the factors enumerated pursuant to Court of Claims Act § 10 (6), the Court of Claims should have granted that branch of the claimants' motion which was for leave to file a late claim on behalf of the claimant Lynne Tucholski. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.