Phillips v State of New York (2020 NY Slip Op 00753)





Phillips v State of New York


2020 NY Slip Op 00753


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.


1113 CA 19-01100

[*1]CHARLES PHILLIPS, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. 






DOLCE PANEPINTO, P.C., BUFFALO (SEAN E. COONEY OF COUNSEL), FOR CLAIMANT-APPELLANT.
GOLDBERG SEGALLA LLP, BUFFALO (KENNETH L. BOSTICK, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered November 16, 2018. The order denied the application of claimant for permission to file a late claim. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting claimant's application insofar as it seeks permission to file a late claim asserting a Labor Law § 240 (1) cause of action upon condition that claimant shall file that proposed claim within 30 days of the date of entry of the order of this Court and as modified the order is affirmed without costs.
Memorandum: Claimant was allegedly injured on April 19, 2017, while working for a subcontractor on a demolition and abatement project at Attica Correctional Facility. Two days later, he filed an incident report with the former New York State Department of Correctional Services and, 92 days after the incident, he attempted to file a notice of intention to file a claim (notice of intent). Although the notice of intent was indisputably untimely (see Court of Claims Act § 10 [3]), defendant nevertheless proceeded to conduct an examination under oath (EUO) of claimant (see § 17-a). On January 2, 2018, following the EUO, claimant filed an application seeking permission to file a late claim against defendant (see § 10 [6]). The Court of Claims denied the application, leading to this appeal.
It is well settled that "[a] determination by the Court of Claims to grant or deny a motion for permission to file a late . . . claim lies within the broad discretion of that court and should not be disturbed absent a clear abuse of that discretion" (Malkan v State of New York, 145 AD3d 1601, 1601-1602 [4th Dept 2016], lv denied 29 NY3d 907 [2017] [internal quotation marks omitted]; see Collins v State of New York, 69 AD3d 46, 48 [4th Dept 2009]; but see Matter of Smith v State of New York, 63 AD3d 1524, 1524 [4th Dept 2009]). Upon our consideration of the six factors outlined in Court of Claims Act § 10 (6), we conclude that the court abused its discretion in denying claimant's application insofar as claimant sought to assert a cause of action under Labor Law § 240 (1).
Several factors militate against granting claimant's application. For instance, his excuse for failing to file a timely notice of intent was law office failure, which, as the court determined, is not an acceptable excuse (see Casey v State of New York, 161 AD3d 720, 721 [2d Dept 2018], lv denied 32 NY3d 903 [2018]; Langner v State of New York, 65 AD3d 780, 783 [3d Dept 2009]). Also, as the court noted, claimant has at least "a partial alternate remedy through workers' compensation" (Matter of Garguiolo v New York State Thruway Auth., 145 AD2d 915, 916 [4th Dept 1988]; see Matter of Lockwood v State of New York, 267 AD2d 832, 833 [3d Dept 1999]). With respect to three of the remaining four statutory factors, we agree with the court's determination that defendant had notice of the essential facts constituting the claim, had an opportunity to investigate the claim and was not prejudiced by the delay (see generally Smith, 63 [*2]AD3d at 1524).
The most significant factor, however, is "whether the claim appears to be meritorious" (Court of Claims Act § 10 [6]) inasmuch as "it would be futile to permit the filing of a legally deficient claim which would be subject to immediate dismissal, even if the other factors tend to favor the granting of the request" (Prusack v State of New York, 117 AD2d 729, 730 [2d Dept 1986]; see Collins, 69 AD3d at 49).
Contrary to claimant's contention, we agree with the court that claimant's proposed Labor Law § 200 cause of action lacks merit inasmuch as there is no dispute that claimant's accident did not arise from any condition of the property and the record establishes that defendant "exercise[d] no supervisory control over the operation" (Lombardi v Stout, 80 NY2d 290, 295 [1992]; see Mayer v Conrad, 122 AD3d 1366, 1367 [4th Dept 2014]). Furthermore, in his proposed claim, claimant sought to assert a section 241 (6) cause of action, but he has failed to address that cause of action on appeal. We therefore deem abandoned any challenge to the court's determination that the cause of action lacked merit (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
We agree with claimant, however, that the court erred in concluding that the proposed cause of action under section 240 (1) lacks any appearance of merit. In our view, there is evidence to support claimant's contention that his "injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]). Specifically, in support of his application, claimant submitted, inter alia, the transcript from his EUO, wherein he stated that, at the time he was injured, he was attempting to remove a large, heavy industrial window from a window sill that was several feet off of the ground. He was unable to use the manlift that he had used with other such windows because the platform of the manlift, at its lowest point, was higher than the bottom of the window he was removing. Other documentation submitted by claimant indicates that, as he struggled to remove the window and lower it to the ground, the window allegedly "fell" on him, causing him to sustain injuries to his back.
Claimant's submissions raise issues of fact whether he was injured by the application of the force of gravity to the window as he was moving it between "a physically significant elevation differential" (id.; see generally Zarnoch v Luckina, 112 AD3d 1336, 1337 [4th Dept 2013]) and whether he was provided adequate protection from the preventable, gravity-related accident. We conclude that claimant has "sufficiently establish[ed] the appearance of merit of the claim' " under Labor Law § 240 (1) (Smith, 63 AD3d at 1525).
"Even if the excuse for failing to file a timely claim is not compelling,' " we conclude that the denial of the application with respect to the proposed section 240 (1) cause of action was an abuse of discretion because defendant was able to investigate the claims and thus suffered no prejudice and, as noted, the proposed section 240 (1) cause of action appears to have merit (Jomarron v State of New York, 23 AD3d 527, 528 [2d Dept 2005]; see Smith, 63 AD3d at 1524-1525). We therefore modify the order by granting the application insofar as it seeks permission to file a late claim asserting a Labor Law § 240 (1) cause of action upon condition that claimant shall file that proposed claim within 20 days of the date of entry of the order of this Court (see Smith, 63 AD3d at 1524).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court