Stirnweiss v State of New York (2020 NY Slip Op 04986)





Stirnweiss v State of New York


2020 NY Slip Op 04986


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2019-03487

[*1]Megan Stirnweiss, et al., appellants,
v
State of New York, respondent.


Robert F. Danzi, Jericho, NY (Christine Coscia of counsel), for appellants.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Ari J. Savitzky of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for medical malpractice, etc., the claimants appeal from an order of the Court of Claims (Stephen J. Lynch, J.), dated December 5, 2018. The order denied the claimants' motion for leave to file a late claim pursuant to Court of Claims Act § 10(6).
ORDERED that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, and the claimants' motion for leave to file a late claim pursuant to Court of Claims § 10(6) is granted.
In July 2018, the claimants Megan Stirnweiss and Matthew Stirnweiss (hereinafter together the claimants) moved in the Court of Claims for leave to file a late claim pursuant to Court of Claims Act § 10(6) to recover damages from the State of New York. The claimants allege that Stony Brook Southampton Hospital (hereinafter Southampton Hospital), which is owned by the State, and its agents committed, among other things, medical malpractice resulting in injuries they suffered in connection with the labor of the claimant Megan Stirnweiss (hereinafter the claimant) and the forceps-assisted delivery of their infant son, who died seven days after birth. The Court of Claims denied the claimants' motion. We reverse.
"Court of Claims Act § 10(6) permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim" (Tucholski v State of New York, 122 AD3d 612, 612). Section 10(6) of the Court of Claims Act sets forth the following enumerated factors: (1) whether the state had notice of the essential facts constituting the claim; (2) whether the failure to file or serve upon the attorney general a timely claim or to serve upon the attorney general a notice of intention resulted in substantial prejudice to the state; (3) whether the delay in filing the claim was reasonably excusable; (4) whether the state had an opportunity to investigate the circumstances underlying the claim; (5) whether the claim appears to be meritorious; and (6) whether the claimant has any other available remedy (see Matter of Smith v State of New York, 63 AD3d 1524, 1524-1525). " No one factor is deemed controlling, nor is the presence or absence of any one factor determinative'" (Tucholski v State of New York, 122 AD3d at 612, quoting Qing Liu v City Univ. of N.Y., 262 AD2d 473, 474).
In connection with their motion, the claimants submitted the affidavit of the claimant, an affidavit of merit from an expert witness physician, and a proposed claim. The proposed claim alleges that the State and its employees were careless, negligent, and committed malpractice by: (1) [*2]failing to properly manage the claimant's labor and delivery; (2) failing to perform a cesarean section; (3) failing to have a doctor available with privileges to perform a cesarean section; and (4) negligently extending privileges to the doctor who performed the forceps-assisted delivery of the infant. The claimant also alleges that she suffered lacerations and the disruption and dislocation of her internal organs and body structures as a result of the forceps-assisted delivery.
Under the circumstances of this case, consideration of the statutory factors set forth in Court of Claims Act § 10(6) strongly favor granting the claimants' motion for leave to file a late claim. Although the claimants failed to provide a reasonable excuse for failing to timely file their claim, the delay was relatively minimal—approximately 14 weeks—and the State was not prejudiced thereby (see Hughes v State of New York , 25 AD3d 800, 800). In fact, on appeal, the State does not contend that it was prejudiced by the claimants' delay. Indeed, the lack of a reasonable excuse is not dispositive when, as here, there is timely actual notice and the absence of prejudice (see generally Matter of March v Town of Wappinger, 29 AD3d 998, 999).
Importantly, the claimants demonstrated that the State had timely notice of the essential facts constituting the claim, inter alia, to recover damages for personal injuries arising from the alleged malpractice, by virtue of the medical records from Southampton Hospital as well as the medical records from Stony Brook University Hospital (hereinafter University Hospital), also owned by the State, to which the claimants' infant son was transferred and where he later died (see generally Matter of Khan v New York City Health & Hosps Corp., 135 AD3d 940, 941-942). The medical records evidence the medical care received by the claimant and the infant. The records show that during the claimant's labor, no sonogram of the fetus was taken to determine the fetus' head size. The records also show that, after approximately nine hours of unsuccessful labor at Southampton Hospital, which included the administration of pitocin, a birth-facilitating drug, and an epidural, the claimant was counseled about using forceps to deliver the fetus. After the claimant agreed to try a forceps-assisted delivery and declined to consent to an episiotomy, the infant was delivered via forceps-assistance and was diagnosed immediately with a hemorrhage below his scalp as a result of "birth trauma." Thereafter, the infant was transferred to University Hospital, where he died a week later. The autopsy report in University Hospital's medical records indicates that the infant suffered, inter alia, an injury during the forceps-assisted delivery which separated the infant's brain stem from his upper cervical spinal cord region, and the infant's overly large head was noted to be a factor in this injury. Although the treating physician noted in his report—which was created after the delivery—that the claimant did not want a cesarean section, the claimant's medical record contains a form signed by the claimant on admission consenting to a cesarean section. There is no documentation in the record to show that the claimant was advised that a cesarean section should be performed. In addition, the claimant's medical records, postdelivery, demonstrate that she experienced perineal lacerations and vaginal tears, which were deep and penetrated the perirectal tissue, as a result of the delivery.
Through their expert affidavit, the claimants also sufficiently established the appearance of merit of their claim within the meaning of Court of Claims Act § 10(6) (see Hughes v State of New York, 25 AD3d at 800). Although the Court of Claims correctly noted that the pending action against the individual physician in the Supreme Court is a partial remedy available to the claimants (see Matter of Smith v State of New York, 63 AD3d at 1525), upon consideration of all of the factors, the court should have granted the claimants' motion to file a late claim (see Tucholski v State of New York, 122 AD3d at 612; Hughes v State of New York, 25 AD3d at 800).
DILLON, J.P., BALKIN, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court