Mindley v State of New York (2022 NY Slip Op 02069)





Mindley v State of New York


2022 NY Slip Op 02069


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Gische, J.P., Mazzarelli, Friedman, González, Mendez, JJ. 


Index No. 135007 Appeal No. 15578 Case No. 2021-02370 

[*1]Marlon Mindley, Claimant-Appellant,
v
The State of New York, Respondent-Respondent. 


Keogh Crispi, P.C., New York (Pat James Crispi of counsel), for appellant.
Cullen and Dykman LLP, New York (Danielle B. Hoffmann of counsel), for respondent.



Order, Court of Claims of the State of New York (Faviola A. Soto, J.), entered May 24, 2021, which granted the motion of defendant The State of New York and dismissed the claim, unanimously reversed, on the law, without costs, the motion denied, and the claim reinstated.
Suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, thus the statutory requirements for bringing such a suit must be strictly construed (see Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]; Long v State of New York, 7 NY3d 269, 276 [2006]). In order to timely commence an action, a claimant must meet the requirements of Court of Claims Act § 11, which states, "[t]he claim shall state the time when and place where such claim arose, the nature of same, and the items of damage or injuries claimed to have been sustained." Absolute exactitude is not required, but a statement in the notice of claim must be made with sufficient definiteness to enable the State to investigate the claim promptly and to ascertain its liability under the circumstances (see Lepkowski v State of New York, 1 NY3d 201, 207 [2003]).
Here, the location of claimant's accident was a highway viaduct under construction, consisting of hundreds of feet of open beaming closed to the public, with no addresses or intersections by which to describe the accident's precise location. Claimant and a nonparty coworker averred, and the State did not contest, that claimant reported his accident at the time it happened; within two days, the State's insurance carrier conducted an investigation by contacting claimant, visiting the site, taking the statement of the nonparty witness, and taking photographs of the broken plank that allegedly precipitated claimant's fall from the viaduct. Accordingly, the description that claimant provided in his notice of claim was sufficient to satisfy Court of Claims Act § 11(b) (see Davila v State of New York, 140 AD3d 1415, 1417 [3d Dept 2016]; Lufker v State of New York, 239 AD2d 565, 565-566 [2d Dept 1997]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022