Schnier v New York State Thruway Auth. (2022 NY Slip Op 03267)

Schnier v New York State Thruway Auth.

2022 NY Slip Op 03267

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2020-01633

[*1]Erik Schnier, et al., appellants, 
v
New York State Thruway Authority, respondent. (Claim No. 1.)
Erik Schnier, et al., appellants,State of New York, respondent. (Claim No. 2.) (Claim Nos. 131713, 131714)

Sacks and Sacks, LLP, New York, NY (Scott N. Singer of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker, LLP, White Plains, NY (Ellyn B. Wilder and Alex Cohen of counsel), for respondents.

DECISION & ORDER
In related claims to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Walter Rivera, J.), dated October 3, 2019. The order, insofar as appealed from, denied, on the merits, the claimants' cross motions (1) for leave to serve and file late claims against the defendant in Claim No. 1 and the defendant in Claim No. 2 pursuant to Court of Claims Act § 10(6), or, (2) alternatively, for pre-action disclosure pursuant to CPLR 3102(c).
ORDERED that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, (1) those branches of the claimants' cross motions which were for leave to serve and file late claims against the defendant in Claim No. 1 and the defendant in Claim No. 2 pursuant to Court of Claims Act § 10(6) are granted, and (2) those branches of the claimants' cross motions which were, alternatively, for pre-action disclosure pursuant to CPLR 3102(c) are denied as academic.
These claims arise from injuries allegedly sustained by the claimant Erik Schnier (hereinafter the injured claimant), an ironworker, in April 2018, during the course of his employment with nonparty Tappan Zee Constructors, LLC, in relation to an accident that occurred while he was performing work on the new Tappan Zee Bridge. The injured claimant and his wife filed two claims: one against the State of New York and the other against the New York State Thruway Authority (hereinafter the NYSTA).
After the State and the NYSTA moved for certain relief, the claimants cross-moved pursuant to Court of Claims Act § 10(6) for leave to serve and file late claims against the defendants alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6), or, alternatively, pursuant to CPLR 3102(c) for pre-action disclosure.
In the order appealed from, dated October 3, 2019, the Court of Claims, among other [*2]things, denied, on the merits, the claimants' cross motions. The claimants appeal. We reverse.
"Court of Claims Act § 10(6) permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim" (Tucholski v State of New York, 122 AD3d 612, 612). In determining whether to permit the filing of a late claim, "the court shall consider, among other factors, [1] whether the delay in filing the claim was excusable; [2] whether the state had notice of the essential facts constituting the claim; [3] whether the state had an opportunity to investigate the circumstances underlying the claim; [4] whether the claim appears to be meritorious; [5] whether the failure to file or serve upon the attorney general a timely claim or to serve upon the attorney general a notice of intention resulted in substantial prejudice to the state; and [6] whether the claimant has any other available remedy" (Court of Claims Act § 10[6]; see Stirnweiss v State of New York, 186 AD3d 1444, 1445-1446; Tucker v New York State Thruway Auth., 175 AD3d 632, 633). "No one factor is deemed controlling, nor is the presence or absence of any one factor determinative" (Qing Liu v City Univ. of New York, 262 AD2d 473, 474; see Stirnweiss v State of New York, 186 AD3d at 1446; Tucholski v State of New York, 122 AD3d at 612).
Here, the Court of Claims improvidently exercised its discretion in denying those branches of the claimants' cross motions which were for leave to serve and file late claims against the defendants. Although the claimants may have failed to provide a convincing excuse for failing to timely file their claims, the delay here was minimal (see Stirnweiss v State of New York, 186 AD3d at 1446; Matter of Hughes v State of New York, 25 AD3d 800, 800).
Furthermore, the Court of Claims incorrectly determined that the claimants failed to sustain their initial burdens of demonstrating that the defendants would not be substantially prejudiced by the relatively minimal delay in this case. It is true that the burden initially rests on the claimant to show that the late notice will not substantially prejudice the defendants (see Decker v State of New York, 164 AD3d 650, 653; Casey v State of New York, 161 AD3d 720, 721-722). However, "[s]uch a showing need not be extensive" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466). A claimant "must present some evidence or plausible argument that supports a finding of no substantial prejudice" (id. at 466; see Decker v State of New York, 164 AD3d at 653; Casey v State of New York, 161 AD3d at 721-722).
In the order appealed from, the Court of Claims "applied [an] incorrect legal standard" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467). Analyzed under the correct standard, the claimants' submissions were more than adequate to sustain their initial burden as to this factor. The claimants showed that any delay in ascertaining actual notice of all of the essential facts underlying the claims was minimal (see id.; Williams v Nassau County Med. Ctr., 6 NY3d 531, 539), and that the defendants were provided with an adequate opportunity to investigate the circumstances underlying the claims in light of, among other things, the information contained in an accident report and a medical release, which were both prepared by the defendants' general contractor on the date of the accident. Citing specific contractual provisions, the claimants argued that the defendants were contractually entitled to "immediate[ ]" notice of the subject accident, and the record demonstrated that the defendants did actually receive both the accident report and medical release at some point prior to this motion practice. In all, the claimants sustained their initial burdens of presenting "some evidence or plausible argument that supports a finding of no substantial prejudice" as a result of the delay (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; see Tucholski v State of New York, 122 AD3d at 612; Holly v State of New York, 191 AD2d 678, 679; see also Stirnweiss v State of New York, 186 AD3d at 1446; Matter of Hughes v State of New York, 25 AD3d at 800).
Once the claimants' initial showing on the issue of substantial prejudice has been satisfied, a defendant "must respond with a particularized evidentiary showing that [it] will be substantially prejudiced if the late notice is allowed" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467). "[A] finding that a [defendant] is substantially prejudiced by a late notice of claim cannot be based solely on speculation and inference" (id. at 465; cf. Garguiolo v New York State Thruway Auth., 145 AD2d 915, 916), and "the mere passage of time normally will not [*3]constitute substantial prejudice in the absence of some showing of actual injury" (Matter of Sarkisian Bros. v State Div. of Human Rights, 48 NY2d 816, 818; see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466). "Requiring the [defendant] to come forward with a particularized showing is appropriate in this context given that the [defendant] is in the best position to provide evidence as to whether the late notice has substantially prejudiced its ability to defend the claim on the merits" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467-468; see Art Masters Assoc. v United Parcel Serv., 77 NY2d 200, 215 [Titone, J., dissenting]; Collins v Bennett, 46 NY 490, 494; accord Decker v State of New York, 164 AD3d at 653; Casey v State of New York, 161 AD3d at 721-722). Here, in opposition to the claimants' prima facie showing with respect to this factor, the defendants failed to come forward with "a particularized evidentiary showing that [they] will be substantially prejudiced" if the late claims are permitted (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467; cf. Garguiolo v New York State Thruway Auth., 145 AD2d at 916).
Furthermore, contrary to the conclusion of the Court of Claims, the claimants' submissions were sufficient, at this juncture, to establish the appearance of merit of their claims within the meaning of Court of Claims Act § 10(6) (see Stirnweiss v State of New York, 186 AD3d at 1447; Tucholski v State of New York, 122 AD3d at 612; Matter of Hughes v State of New York, 25 AD3d at 800; Holly v State of New York, 191 AD2d at 679). The identification of potential legal or factual issues was not dispositive of this factor (see Tucholski v State of New York, 122 AD3d at 612). Nor does the identification of a potential, partial alternative remedy warrant the conclusion that leave to serve and file the late notices of claims should be denied (see Stirnweiss v State of New York, 186 AD3d at 1447).
Upon consideration of all of the factors, the Supreme Court should have granted those branches of the claimants' cross motions which were for leave to serve and file late claims against the defendants (see Court of Claims Act § 10[6]; Stirnweiss v State of New York, 186 AD3d at 1447; Tucholski v State of New York, 122 AD3d at 612; Matter of Hughes v State of New York, 25 AD3d at 800; Holly v State of New York, 191 AD2d at 679). Upon granting those branches of the claimants' cross motions which were for leave to serve and file late claims against the defendants, those branches of the claimants' cross motions which were, alternatively, for pre-action disclosure pursuant to CPLR 3102(c) should have been denied as academic. Accordingly, we reverse the order insofar as appealed from (see generally Sucre v Consolidated Edison Co. of N.Y., Inc., 184 AD3d 712, 712; Basalel v Youni Gems Corp., 95 AD3d 914, 915; see also Sanchez v Metro Bldrs. Corp., 136 AD3d 783, 784).
CONNOLLY, J.P., RIVERA, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court