Swart v State of New York (2022 NY Slip Op 07088)

Swart v State of New York

2022 NY Slip Op 07088

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2020-08123

[*1]Gary Swart, et al., appellants, 
v
State of New York, defendant, New York State Thruway Authority, respondent. (Claim No. 134453)

Hofman & Schweitzer (Shayne, Dachs, New York, NY [Jonathan A Dachs], of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Alex Cohen of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Walter Rivera, J.), dated August 26, 2020. The order denied the claimants' motion to deem their claim timely filed nunc pro tunc, or, in the alternative, for leave to file a late claim against the defendant New York State Thruway Authority, and granted that branch of the cross motion of the defendant New York State Thruway Authority which was to dismiss the claim insofar as asserted against it.
ORDERED that the order is reversed, on the law, the facts, and in the exercise of discretion, with costs, that branch of the claimants' motion which was for leave to file a late claim against the defendant New York State Thruway Authority is granted, and that branch of the cross motion of the defendant New York State Thruway Authority which was to dismiss the claim insofar as asserted against it is denied.
On August 6, 2019, the claimant Gary Swart, while working on a construction project on the Tappan Zee Bridge, allegedly sustained injuries when he slipped and fell while stepping off of a ladder on an excavator machine onto a barge work platform. On October 15, 2019, Swart and his wife purported to serve upon the defendant New York State Thruway Authority (hereinafter NYSTA) a notice of intention to file a claim (hereinafter the notice of intention). However, the claimants failed to follow the procedures set forth in Court of Claims Act § 11(a)(ii), insofar as they served the notice of intention solely upon the Attorney General and failed to serve an additional copy upon NYSTA personally or by certified mail, return receipt requested (see id. § 11[a][i]-[ii]).
By claim dated January 29, 2020, the claimants commenced the instant claim against, among others, NYSTA. The claim alleges personal injuries and derivative losses resulting from, inter alia, NYSTA's violations of Labor Law §§ 240(1) and 241(6). NYSTA answered the claim, asserting, among other things, a defense of lack of subject matter jurisdiction on the ground that the claimants failed to serve the claim or notice of intention within 90 days of the accrual of the claim.
The claimants moved to deem their claim timely filed nunc pro tunc, or, in the [*2]alternative, for leave to file a late claim against NYSTA. NYSTA cross-moved, among other things, to dismiss the claim insofar as asserted against it. The Court of Claims denied the claimants' motion and granted that branch of NYSTA's cross motion which was to dismiss the claim insofar as asserted against it. The claimants appeal.
Court of Claims Act § 10(6) permits a court, in its discretion, upon consideration of the enumerated factors set forth therein, to allow a claimant to file a late claim (see Morris v Doe, 104 AD3d 921; Qing Liu v City Univ. of N.Y., 262 AD2d 473, 474). "In determining whether to permit the filing of a [late] claim . . . the court shall consider, among other factors, [1] whether the delay in filing the claim was excusable; [2] whether the state had notice of the essential facts constituting the claim; [3] whether the state had an opportunity to investigate the circumstances underlying the claim; [4] whether the claim appears to be meritorious; [5] whether the failure to file or serve upon the attorney general a timely claim . . . resulted in substantial prejudice to the state; and [6] whether the claimant has any other available remedy" (Court of Claims Act § 10[6]; see Buyes v State, 208 AD3d 745). "No one factor is deemed controlling, nor is the presence or absence of any one factor determinative" (Qing Liu v City Univ. of N.Y., 262 AD2d at 474; see Tucholski v State of New York, 122 AD3d 612, 612; Morris v Doe, 104 AD3d at 921).
Here, the Court of Claims properly rejected the claimants' contention that they had a reasonable excuse for their failure to serve a claim or notice of intention upon NYSTA in a timely fashion, as their excuse was predicated upon ignorance of the law (see Matter of Landa v City of New York, 252 AD2d 525, 526).
However, contrary to the conclusion of the Court of Claims, the claimants' submissions were sufficient, at this juncture, to establish that the claims appear to be meritorious within the meaning of Court of Claims Act § 10(6) (see Schnier v New York State Thruway Auth., 205 AD3d 958, 961; Tucholski v State of New York, 122 AD3d at 612; Matter of Lockwood v State of New York, 267 AD2d 832, 832). The appearance of merit is a significant factor in the determination of whether to grant leave to file a late claim because "it would be futile to permit the filing of a legally deficient claim which would be subject to immediate dismissal, even if the other factors tend to favor the granting of the request" (Prusack v State of New York, 117 AD2d 729, 730; see Savino v State of New York, 199 AD2d 254, 255). Here, notwithstanding NYSTA's contentions regarding certain factual inconsistencies and legal weaknesses in the claimants' causes of action (see Schnier v New York State Thruway Auth., 205 AD3d at 961; Tucholski v State of New York, 122 AD3d at 612), the claim is not "patently groundless, frivolous, or legally defective, and the record as a whole . . . give[s] reasonable cause to believe that a valid cause of action exists" (Sands v State of New York, 49 AD3d 444, 444; see Calverley v State, 187 AD3d 1426, 1427; Goldberg v State of New York, 122 AD2d 248, 249; Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1, 11 [Ct Cl]).
Furthermore, the claimants demonstrated that NYSTA had actual knowledge of the essential facts constituting the claim within 90 days of the incident and had an opportunity to investigate the claim, and there is no indication that NYSTA would suffer substantial prejudice if the claimants were permitted to file a late claim (see Matter of Rodriguez v City of New York, 172 AD3d 556; Tucholski v State of New York, 122 AD3d at 612; Holly v State of New York, 191 AD2d 678, 678).
Moreover, although workers' compensation benefits may provide the claimants with an alternative partial remedy, this factor does not preclude granting leave to file a late claim (see Schnier v New York State Thruway Auth., 205 AD3d at 961; Stirnweiss v State of New York, 186 AD3d 1444, 1447).
Accordingly, upon consideration of the factors enumerated pursuant to Court of Claims Act § 10(6), the Court of Claims should have granted that branch of the claimants' motion which was for leave to file a late claim and should have denied that branch of NYSTA's cross motion which was to dismiss the claim insofar as asserted against it.
NYSTA's remaining contentions are without merit.
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court