Santiago v State of New York (2023 NY Slip Op 04034)

Santiago v State of New York

2023 NY Slip Op 04034

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

460 CA 22-00859

[*1]EMMANUEL SANTIAGO, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 132357.) 

GOLDSTEIN & HANDWERKER, LLP, NEW YORK CITY (JASON LEVINE OF COUNSEL), FOR CLAIMANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (ALEXANDRIA TWINEM OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Court of Claims (Francis T. Collins, J.), entered March 23, 2022. The order granted the motion of defendant to dismiss the claim and dismissed the claim and denied claimant's cross-motion seeking leave to serve a late claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Claimant appeals from an order granting the motion of defendant, State of New York (State), to dismiss the claim and denying claimant's cross-motion seeking leave to file a late claim. We affirm.
On October 13, 2018, claimant, who was incarcerated at a correctional facility, was slashed in the face by another inmate. Although he filed a claim with the Court of Claims, within 90 days of the accrual of the underlying claim as required by Court of Claims Act § 10 (3), claimant did not serve the Attorney General until January 30, 2019—109 days after the claim accrued. In November 2021, the State moved to dismiss the claim as untimely and, in January 2022, claimant cross-moved for leave to file a late claim pursuant to section 10 (6). The court denied the cross-motion, on the ground that it was not filed until after "an action asserting a like claim against a citizen of the state would be barred under the provisions of [CPLR article 2]" (§ 10 [6]), granted the motion, and dismissed the claim.
Court of Claims Act § 10 (6) gives a court "discretionary power to allow the late filing of a claim upon consideration of a number of factors, including the merits of the case" (Lichtenstein v State of New York, 93 NY2d 911, 912 [1999]; see Stirnweiss v State of New York, 186 AD3d 1444, 1445 [2d Dept 2020]). The application for such relief, however, must be made before the expiration of the applicable statute of limitations under article two of the CPLR (see §§ 10 [6]; 12 [2]; Shah v State of New York, 178 AD3d 871, 872 [2d Dept 2019], appeal dismissed 35 NY3d 982 [2020], lv dismissed in part & denied in part 35 NY3d 1107 [2020], rearg denied 36 NY3d 1047 [2021]; Campos v State of New York, 139 AD3d 1276, 1278 [3d Dept 2016]). Once the statute of limitations has expired on the proposed claims, a court is without discretion to entertain an application for leave to file a late claim (see generally Matter of Goffredo v City of New York, 33 AD3d 346, 347 [1st Dept 2006]).
Initially, we agree with claimant that the court erred in concluding that it lacked authority to grant the cross-motion. Here, the court concluded that it lacked the power to consider the cross-motion because it was filed in January 2022, which was after the three-year statute of limitations applicable to negligence claims would have expired based on the accrual date of October 13, 2018 (see generally CPLR 214 [5]). However, as claimant argues, and the State [*2]correctly concedes, the statute of limitations was tolled by Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8) and several subsequent executive orders (see Executive Order [A. Cuomo] No. 202.72 [9 NYCRR 8.202.72]) from March 20, 2020 until November 3, 2020 in response to the COVID-19 pandemic (see Murphy v Harris, 210 AD3d 410, 411-412 [1st Dept 2022]; Matter of Roach v Cornell Univ., 207 AD3d 931, 932-933 [3d Dept 2022]; Little v Steelcase, Inc., 206 AD3d 1597, 1599-1600 [4th Dept 2022], lv denied 39 NY3d 911 [2023]). After accounting for the tolling of the applicable statute of limitations during part of the original limitations period, we conclude that the cross-motion was timely. Consequently, we conclude that the court did, in fact, have the authority to consider claimant's cross-motion (see Carey v State of New York, 207 AD3d 1194, 1196-1197 [4th Dept 2022]).
The State nonetheless contends, as a properly raised alternative ground for affirmance on claimant's appeal (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]), that there is a different reason supporting the denial of the cross-motion. We agree with the State. In considering whether to grant an application to file a late claim, the court must consider, inter alia, the six factors contained in Court of Claims Act § 10 (6) (see Lichtenstein, 93 NY2d at 912; Phillips v State of New York, 179 AD3d 1497, 1498 [4th Dept 2020]; Collins v State of New York, 69 AD3d 46, 48-49 [4th Dept 2009]). The most significant of those factors is "whether the claim appears to be meritorious" (§ 10 [6]), because "it would be futile to permit the filing of a legally deficient claim which would be subject to immediate dismissal, even if the other factors tend to favor the granting of the request" (Phillips, 179 AD3d at 1498 [internal quotation marks omitted]; see Ortiz v State of New York, 78 AD3d 1314, 1314-1315 [3d Dept 2010]).
Here, we conclude that claimant's proposed cause of action lacks any appearance of merit (see generally Matter of Martinez v State of New York, 62 AD3d 1225, 1227 [3d Dept 2009]). It is well settled that "[t]he State's duty to an incarcerated person encompasses protection from the foreseeable risk of harm at the hands of other prisoners. Because the State is not an insurer of an inmate's safety, it will be liable in negligence for an assault by another inmate only upon a showing that it failed to exercise adequate care to prevent that which was reasonably foreseeable" (Melvin v State of New York, 101 AD3d 1654, 1654-1655 [4th Dept 2012] [emphasis added and internal quotation marks omitted]). Here, there are no facts asserted in the claim supporting the allegation that the State's employees failed to protect claimant against a foreseeable threat. At most, the claim merely contains general and conclusory allegations of negligence, which are insufficient to show that the claim appears meritorious (see Matter of Sandlin v State of New York, 294 AD2d 723, 724-725 [3d Dept 2002], lv dismissed 99 NY2d 589 [2003]; Scarver v State of New York, 233 AD2d 858, 858 [4th Dept 1996]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court