Mattison v State of New York (2026 NY Slip Op 00704)

Mattison v State of New York

2026 NY Slip Op 00704

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, OGDEN, DELCONTE, AND HANNAH, JJ.

796 CA 25-00048

[*1]ROBERT MATTISON AND HEATHER MATTISON, CLAIMANTS-APPELLANTS,
vSTATE OF NEW YORK AND NEW YORK STATE THRUWAY AUTHORITY, DEFENDANTS-RESPONDENTS. (APPEAL NO. 2.) 

CELLINO LAW LLP, BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR CLAIMANTS-APPELLANTS.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Court of Claims (J. David Sampson, J.), entered November 26, 2024. The order, in effect, granted claimants' motion for leave to renew and, upon renewal, adhered to a prior determination to deny claimants' application for permission to file a late claim. 
It is hereby ORDERED that the order so appealed from is reversed on the law without costs and the application is granted upon condition that claimants shall file the proposed claim against defendants within 30 days of the date of entry of the order of this Court.
Memorandum: Claimants were allegedly injured when they were thrown from a capsizing boat during an underground boat tour at the Lockport Caves in Lockport, New York. Claimants filed an application seeking, in effect, permission to file a late claim against, among others, defendants, i.e., the State of New York (State) and the New York State Thruway Authority, pursuant to Court of Claims Act § 10 (6), alleging, inter alia, that defendants had a duty to inspect the premises, including all caves, tunnels, waterways, and boats. In appeal No. 1, claimants appeal from an order that, inter alia, denied claimants' application with respect to defendants. In appeal No. 2, claimants appeal from an order that, in effect, granted their motion for leave to renew with respect to the order in appeal No. 1 and, upon renewal, adhered to the prior determination to deny claimants' application with respect to defendants.
At the outset, we note that, in deciding claimants' motion for leave to renew, the Court of Claims considered new evidence and rejected the substantive arguments raised by claimants. Therefore, although the order in appeal No. 2 does not state as much, it is clear to this Court that the court, in effect, granted claimants' motion for leave to renew and, upon renewal, adhered to its original determination. We therefore dismiss the appeal from the order in appeal No. 1 (see Matter of Cayuga Nation v Parker [appeal No. 2], 229 AD3d 1065, 1066 [4th Dept 2024]; Manes v State of New York, 182 AD3d 1012, 1013 [4th Dept 2020], lv denied 35 NY3d 913 [2020]; Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985, 985 [4th Dept 1990]).
Addressing claimants' contentions in appeal No. 2, we conclude that the court abused its discretion in adhering to its prior determination to deny the application to file a late claim against defendants. It is well settled that "[a] determination by the Court of Claims to grant or deny [an application] for permission to file a late . . . claim lies within the broad discretion of that court and should not be disturbed absent a clear abuse of that discretion" (Phillips v State of New York, 179 AD3d 1497, 1498 [4th Dept 2020] [internal quotation marks omitted]; see Malkan v State of New York, 145 AD3d 1601, 1601-1602 [4th Dept 2016], lv denied 29 NY3d 907 [2017]). Court of Claims Act § 10 (6) "enumerates six factors to be weighed . . . in connection with a late claim [application]: (1) whether the delay was excusable; (2) whether the State had notice of the essential facts constituting the claim; (3) whether the State had an opportunity to investigate the [*2]circumstances underlying the claim; (4) whether the claim appears to be meritorious; (5) whether the delay resulted in substantial prejudice to the State; and (6) whether the [applicant] has another available remedy. This list is not exhaustive and the presence or absence of any one factor is not dispositive; rather, the [c]ourt in its discretion balances these factors in making its determination" (Booker v State of New York, 84 Misc 3d 590, 593 [Ct Cl 2024]; see Bay Terrace Coop. Section IV v New York State Employees' Retirement Sys. Policemen's & Firemen's Retirement Sys., 55 NY2d 979, 981 [1982]).
Here, the court considered the requisite statutory factors and reasonably concluded that three of them heavily favored claimants, i.e., notice, opportunity to investigate, and lack of substantial prejudice to defendants (see Court of Claims Act § 10 [6]; see also Malkan, 145 AD3d at 1602). Upon our consideration of those factors and the remaining factors outlined in Court of Claims Act § 10 (6), we conclude that the court abused its discretion in denying claimants' application with respect to defendants (see generally Phillips, 179 AD3d at 1498).
With respect to the factor weighed most heavily by the court against claimants, i.e., whether they demonstrated the appearance of a meritorious claim, we note that claimants need not establish a prima facie case at this stage of the proceedings (see Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1, 11-12 [Ct Cl 1977]). Rather, a claim has the appearance of merit if it is "not . . . patently groundless, frivolous or legally defective, and the record as a whole . . . give[s] reasonable cause to believe that a valid cause of action exists" (Calverley v State of New York, 187 AD3d 1426, 1427 [3d Dept 2020] [internal quotation marks omitted]; see generally Santiago v State of New York, 218 AD3d 1268, 1270 [4th Dept 2023]). Here, claimants presented evidence in support of their application that defendants may have conducted inspections of the area and the boat, particularly after a similar accident occurring years prior. Claimants also presented in support of the their motion for leave to renew an affidavit of a former Director of Engineering for the City of Lockport (City) who averred, based on his personal knowledge and City maps, that the State owned the underground caves. While defendants submitted evidence in opposition to claimants' application, such evidence created a factual issue whether defendants bore responsibility for the area where the accident occurred (see generally Tucholski v State of New York, 122 AD3d 612, 612-613 [2d Dept 2014]). Thus, we conclude that claimants' submissions on the application and motion for leave to renew were sufficient, at this stage in the proceedings, to demonstrate that there "appears to be merit to their claim within the meaning of Court of Claims Act § 10 (6)" (id. at 612; see Marcus v State of New York, 172 AD2d 724, 724-725 [2d Dept 1991]).
Additionally, we agree with claimants that they do not necessarily have another available remedy (see generally Marcus, 172 AD2d at 725). Finally, while claimants may not have provided a convincing excuse for failing to timely file their claim based on law firm failure (see Matter of Schunk v Town of York, 200 AD3d 1669, 1670 [4th Dept 2021]), the delay here was minimal (see Schnier v New York State Thruway Auth., 205 AD3d 958, 959 [2d Dept 2022]; Matter of Smith v State of New York, 63 AD3d 1524, 1524-1525 [4th Dept 2009]).
All concur except Curran and Hannah, JJ., who dissent and vote to affirm in the following memorandum: We respectfully dissent and would affirm the orders in both appeals. Initially, we note our disagreement with the majority's conclusion that, in appeal No. 2, the Court of Claims "in effect . . . granted" claimants' motion for leave to renew. In both the body of the court's decision and order, and in its sole decretal paragraph, the court unequivocally stated that it was denying that motion. Additionally, both claimants and defendants frame their contentions on appeal around the fact that the court denied claimants' motion for leave to renew, and at no time in their briefs or at oral argument did the parties even suggest that leave to renew had been granted.
Regardless, in appeal No. 2, we agree with defendants that claimants' renewal motion was properly denied because it did not rely on any new facts as specifically required by CPLR 2221 (e) (2). " '[N]ew facts' means 'facts that were unavailable at the time of [the] prior motion' " (Angelhow v Chahfe, 174 AD3d 1285, 1288 [4th Dept 2019]; see Schilling v Malark, 13 AD3d 1153, 1154 [4th Dept 2004]). Here, claimants made no argument before the court, and make no argument on appeal, that the facts upon which they relied in support of their renewal motion were "new facts" within the meaning of CPLR 2221 (e) (2) and, thus, they have failed to even allege that they had a "reasonable justification for the failure to present such facts on the [*3]prior motion" (CPLR 2221 [e] [3]). In the absence of a reasonable justification to offer "new facts," the court could not exercise its discretion to grant claimants' motion for leave to renew (Fusion Funding v Loftti Inc., 216 AD3d 1416, 1417 [4th Dept 2023]; see 2006905 Ontario Inc. v Goodrich Aerospace Can., Ltd., 206 AD3d 1607, 1608 [4th Dept 2022]; see also Mura v Mura, 133 AD3d 1324, 1325-1326 [4th Dept 2015]).
In appeal No. 1, we would affirm the order for reasons stated in the court's decision.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court